UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8295** |
| **LEXINGTON INS. CO.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

The motion to remand (Doc. #11) filed on behalf of the plaintiff Louis Lewis is **GRANTED.**

## BACKGROUND

This is a Katrina insurance dispute which was removed to this court on November 7, 2007.

Plaintiff seeks homeowner's insurance proceeds, penalties and attorney's fees under a policy issued to plaintiff by defendant Lexington Insurance Company, a foreign insurer authorized to do business in Louisiana, for his property at 3117 Lakewood Dr., Violet, Louisiana.

Following removal, plaintiff entered into a stipulation which states that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00, including all penalties and attorney's fees , but exclusive of interest and costs"; that "[n]either Plaintiff nor his/her attorney will accept a judgment in an amount that exceeds $75,000.00, including all penalties and attorney's fees, but exclusive of interest and costs"; and that "[n]either Plaintiff nor his/her attorney will amend the petition after one year to plea an amount in controversy in excess of $75,000.00, including all

penalties and attorney's fees, but exclusive of interest and costs." The stipulation further provides that "[i]n order to resolve any doubt or ambiguity as to the meaning and intent of the language set forth in the Petition, plaintiff and his/her attorney declare that it is their intent to waive, relinquish, and/or renounce our entitlement to any damages, including all penalties and attorney's fees, but exclusive of interest and costs in excess of $75,000 . . ."

Defendant argues that the stipulation is "nothing more than an attempt to circumvent the jurisdiction of this Court" because the claim has always been above $75,000. Defendant further argues that the motion to remand was filed after plaintiff refused to allow defendant access to his property for an inspection.

## ANALYSIS

**1. Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "To determine whether jurisdiction is present for removal, we consider the *claims in the state court petition as they existed at the time of removal*."[1] Ambiguities are construed against removal because the removal statue should be strictly construed in favor of remand.[2] Doubts regarding whether federal jurisdiction is proper should be resolved

---

[1] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 US 865 (1995))(emphasis added).

[2] *Manguno*, 276 F.3d at 723 (*citing Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000)).

against federal jurisdiction.[3]

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[4]

Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.[5] As the Fifth Circuit has noted, "[i]n such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[6] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[7]

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[8] If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[9]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the

---

[3] *Acuna,* 200 F.3d at 339.

[4] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[5] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(*citing* La. Code. Civ. Proc. art. 893).

[6] *Luckett*, 171 F.3d at 298; *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[7] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[8] *Allen*, 63 F.3d at 1336.

[9] *De Aguilar*, 47 F.3d at 1412.

value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[10] The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[11]

## 2. Motion to Remand

The underlying petition and supplemental petition do not allege a specific amount of damages; hence, it is not facially apparent from the petition that the jurisdictional amount in controversy is met. Thus, defendant must meet its burden of proving the jurisdictional amount by setting forth the facts in dispute which support a finding that the jurisdictional amount is satisfied.

Defendant argues that plaintiff's failure to allege an amount in controversy less than $75,000 means that plaintiff "concede[s] in their state court pleadings that the requisite jurisdictional amount *is* in controversy."[12] Plaintiffs in Louisiana are not allowed to allege an amount in controversy. To accept that plaintiff's failure to do so is equivalent to a concession that his damages exceed the jurisdictional amount would result in an improper shifting of defendant's burden of proving that the jurisdictional amount exists.

Defendant argues that plaintiff's stipulation does not establish that at the time of removal the amount in controversy did not exceed $75,000. Plaintiff's stipulation clearly states that he is resolving all "doubt or ambiguity as to the meaning and intent of the language set forth in the

---

[10] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[11] *See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

[12] *See* defendant's opposition (Doc. # 12) at 3 (emphasis in original).

Petition" by declaring that it is their intent to waive, relinquish, and/or renounce our entitlement to any damages, including all penalties and attorney's fees, but exclusive of interest and costs in excess of $75,000 . . ." Even though the plaintiff does not bear the burden of proving the amount in controversy, the court finds that the stipulation adequate to establish that at the time of removal, the amount in controversy did not meet the jurisdictional amount required for removal.

Defendant has not set forth facts in dispute which support a finding that the jurisdictional amount is satisfied[13] and has not met its burden of proof through a preponderance that the amount n controversy exceeds $75,000. Therefore, this court lacks diversity jurisdiction. Accordingly, the motion to remand is **GRANTED.**


New Orleans, Louisiana, this __6th__ day of November, 2008.


                                    **MARY ANN VIAL LEMMON**
                                    **UNITED STATES DISTRICT JUDGE**

---

[13] *Allen,* 63 F.3d at 1335.